IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO COMPUTER INC, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 05-03356 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULINGS AND QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 18, 2005:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively grants** Plaintiffs' motion to remand and **tentatively denies as moot** Defendant's motion to stay.

The parties each shall have fifteen (15) minutes to address the following questions:

1. Microsoft bears the burden of establishing federal jurisdiction. Although it claims that Plaintiff Go Computer, Inc. ("Go Computer") is a "straw man", the assignment from Lucent to Kaplan and Go Computer is not part of the record. Plaintiffs argue that Lucent does not retain an interest in the claims and that, therefore, the assignment was a complete, albeit joint, assignment of the claims.

    a. What evidence is in the record that demonstrates the assignment in question was a partial assignment?

    b. If the answer to question 1.a is that there is no such evidence, why does this not render this case squarely within the *Provident* line of cases and distinguishable from *Kramer v. Carribean Mills, Inc.*, 394 U.S. 823 (1963) and *Grassi v. Ciba-Deighy, Ltd.*, 894 F.2d 181 (5th Cir. 1990)? *Cf. Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 596 (noting that if an assignment is entire, it is likely to be found proper and in reaching its conclusion that assignment in question was collusive relying on fact that assignment was partial rather than complete assignment); *see also Amalgamated Gadget, L.P. v. Mack*, 2004 WL 549483 (N.D. Tex. Feb. 10, 2004) (granting motion to remand where evidence demonstrated that assignor made complete assignment of cause of action).

    c. Does Microsoft concede that if this Court has any doubts about whether removal jurisdiction exists, it must resolve those doubts in favor of remanding the case to the state court? *See, e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

2. Does Microsoft contend that Mr. Kaplan was the alter ego of the original Go Corporation? (*See* Plaintiff's Reply at 3 (claiming Kaplan had no original interest in claims).) If so, what evidence is in the record to support that contention?

3. As to both motions, are there any other issues the parties wish to address?

Dated: November 16, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE