IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO COMPUTER INC., et al.<br><br>     Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>     Defendant.<br>_____/ | No. C 05-03356 JSW<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO STAY** |

This matter came before the Court upon consideration of the motion to remand filed by Plaintiffs Go Computer, Inc. ("Go Computer") and Jerrold S. Kaplan ("Kaplan") (collectively "Plaintiffs") and the motion to stay filed by Defendant Microsoft Corporation ("Microsoft"). Having considered the parties' pleadings, the relevant legal authority, the record in this case, and having had the benefit of oral argument, the Court GRANTS Plaintiffs' motion to remand and DENIES AS MOOT Microsoft's motion to stay.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2005, Plaintiffs filed this action in San Francisco Superior Court asserting a cause of action against Microsoft for violations of the Cartwright Act, California Business and

---

[1] Microsoft moved to stay this action pending a ruling on a motion to transfer the action by the Judicial Panel on Multidistrict Litigation. Because the motion to remand raises issues regarding this Court's jurisdiction, the Court deems it appropriate to address that motion in the first instance. The Court expresses no opinion on the propriety of a stay of this action following remand.

Professions Code §§ 16720, *et seq.*[2] The parties stipulated that service on Microsoft was effected on August 4, 2005. (Notice of Removal, ¶ 5.)

On August 18, 2005, Microsoft removed on the basis of diversity jurisdiction. Microsoft asserted that diversity jurisdiction exists because the assignment to Go Computer should be disregarded as an attempt to destroy diversity jurisdiction and prevent removal. (*Id.*, ¶¶ 6-17.)

## ANALYSIS

### A.   Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1).

---

[2]   On the same day, Plaintiffs filed a virtually identical lawsuit in which they alleged violations of the Sherman Act. *Go Computer, Inc., et al. v. Microsoft Corp.*, N.D. Cal. No. 05-2661. That action has now been transferred to the District of Maryland pursuant to order of the Judicial Panel on Multidistrict Litigation.

2

**B.     Microsoft Has Not Met Its Burden to Demonstrate Diversity Jurisdiction Exists.**

It is undisputed that both Go Computer and Microsoft are residents of the state of Washington. Thus, looking solely at the four corners of Plaintiffs' state court complaint, diversity jurisdiction does not exist and removal would not have been warranted.

Microsoft contends, however, that this Court should ignore the presence of Go Computer on the theory that it was assigned the claims at issue to destroy diversity jurisdiction. Although 28 U.S.C. § 1359 prohibits collusive assignments to create diversity jurisdiction, there is no similar statute prohibiting collusive assignments in order to defeat jurisdiction. Microsoft urges the Court to follow the holdings in *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 184-85 (5th Cir. 1990) and *Attorneys' Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593 (9th Cir. 1996), in which the courts disregarded otherwise valid assignments that defeated diversity jurisdiction.

In *Grassi*, the Fifth Circuit held that a district court could look to the motivations behind an otherwise valid partial assignment of claims to determine whether the assignment was collusive and intended to destroy diversity. *Grassi*, 894 F.2d at 182-85. The *Grassi* court distinguished prior Supreme Court precedent in which that court held that a valid assignment under state law, which defeated diversity jurisdiction, should be respected. *See Provident Service Life Assurance Society v. Ford*, 114 U.S. 635 (1885), *Oakley v. Goodnow*, 118 U.S. 43 (1886), *Leather Manufacturers' Nat'l Bank v. Cooper*, 120 U.S. 778 (1887).

In reaching its decision, the *Grassi* court relied on *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823 (1963), in which the Supreme Court concluded that a partial assignment, which was valid under state law but which created diversity jurisdiction, was in fact collusive and should be disregarded for purposes of determining federal jurisdiction. The Supreme Court's holding was premised on its conclusion that the existence federal jurisdiction must be premised on federal law rather than state law. *See Grassi*, 894 F.2d at 184. The *Grassi* court noted, however, that its decision not to extend the reasoning of *Provident* and its progeny to the case at bar rested in part on the fact that the assignment in question was a partial, rather than a complete, assignment. *Id.* at 185.

In the *Attorneys' Trust* case, the Ninth Circuit also looked to the motives behind a diversity defeating assignment. The Ninth Circuit acknowledged, however, that its decision did not conflict with *Provident* and its progeny because the case was filed in federal court originally and, thus, the court was not required to examine the propriety of removal. *Attorneys' Trust*, 93 F.3d at 599. In addition, as in the *Grassi* case, the assignment at issue was a partial assignment. *Id.*

According to the record in this case, Lucent Technologies, Inc. assigned the claims in question to Kaplan and Go Computer. (*See, e.g.,* First Amended Complaint, ¶ 5.) It is further undisputed that Lucent did not assign its claims to Kaplan, who then assigned the claims to Go Computer, which would render Microsoft's request to apply the reasoning of *Grassi* and *Attorneys' Trust* to this case more persuasive. Although the terms and conditions of the assignment from Lucent to Kaplan and Go Computer are not in the record, at the hearing Plaintiffs represented that Lucent assigned the entirety of the cause of action and has no standing to sue, but that the consideration for the assignment was a variable percentage of any recovery. Absent a finding that the assignment was partial, it is this Court's view that it is bound by *Provident* and its progeny and cannot examine the motives behind the assignment.

Although the value of the consideration Lucent was given for the assignment may vary depending upon the value of any potential recovery in this case, the Court does not find that this financial interest suggests that Lucent assigned only a portion of its claims to Kaplan and Go Computer. Rather, even considering Plaintiffs' representations, the Court concludes that the claims were assigned in their entirety to Kaplan and Go Computer, thus ending the Court's inquiry.

Accordingly, because the Court cannot find that the assignment in question was a partial assignment, because *Provident* and its progeny have not been overruled, because this case was not originally filed in federal court, *see Attorney's Trust*, 93 F.3d at 599, and because the Court must resolve any doubts against removal, the Court concludes that Microsoft has not met its burden to establish that removal jurisdiction exists on the basis of diversity.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is GRANTED and this matter shall be remanded to the Superior Court for the City and County of San Francisco. Because this Court is remanding the case, Microsoft's motion to stay is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: November 21, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE